IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | No. 4:07-CR-52 |
| | * | |
| vs. | * | REQUEST FOR DEPARTURE, |
| | * | SUBSTANTIAL ASSISTANCE. |
| | * | and 3553(a) VARIANCE MOTION |
| | * | and |
| JAY K. O'BRIEN, | * | SENTENCING MEMORANDUM |
| | * | |
| Defendant, | * | |

Comes Now the defendant, JAY K. O'BRIEN , and requests for a variance under 18 U.S.C. 3553(a) and in the alternative for a downward departure including but not limited to, 5K1.1 with recommendation from the United States, and 5H1.3 and 5H1.4.

In support thereof the defendant states:

The Defendant, age 50, has for most of his adult life dealt with serious addiction to alcohol and illegal drugs. Guideline Section 5H1.4 does state that drug or alcohol dependence or abuse is not a reason for a downward departure. However, the Defendant would argue that the sentencing commission, in arriving at this position, would have had in mind individuals who voluntarily consumed alcohol or illegal drugs and as a result of which became addicted to them. This is not the situation concerning the Defendant herein. In her report to the Court, the probation officer provided the following:

> While growing up, the defendant endured both physical and emotional abuse at the hands of his father, resulting in flashbacks and nightmares as an adult. A psychological evaluation indicated his drug use may be a result of the abuse he suffered.

The Defendant feels that the above indicated situation constitutes a set of facts not taken

into consideration by the sentencing commission and does constitute matters that may be taken into consideration by the Court in sentencing.  The Defendant's addiction to illegal drugs was directly involved with and the reason why he became involved in the deliveries that are the basis for the charge herein.

Paragraphs 64 and 65 of the Presentence Report set forth the serious health problems that the Defendant is forced to endure.  In addition to his own extensive medical problems, the Defendant has cared for his wife with whom he has lived since 1987.  Due to diabetes, his wife has had both of her legs amputated.   The Defendant requests that the Court consider his health issues in arriving at sentence herein.

One of the grounds the Court is directed to consider in sentencing is set forth in Section 3553(a)(6).  This section refers to unwarranted sentence disparities among defendants.  The person who supplied the Defendant and others with their drugs and who was found to possess a 9 mm handgun, ammunition, and body armor received a sentence of 60 months.   It could be that because he was such an active dealer in illegal drugs, he had considerable information to exchange for a reduced sentence.  The Defendant was very low on the distribution chain and so he had little knowledge to provide the government, however, he did debrief and did his best to assist them in illegal drug prosecutions.

Based on the above issues and those set forth in the Presentence Report, the Defendant respectfully requests that the Court sentence the Defendant to the lowest sentence available to the Court.

Respectfully submitted,

\_\_\_\_s/s Stephie Tran\_\_\_\_
Stephie N. Tran
Attorney at Law
3835 University Avenue
Des Moines, IA 50311
515-321-7831
Attorney for Defendant

Original filed electronically

Copy To:   Emily Nydle
           Assistant United States Attorney

           Karen Dassinger
           U.S. Probation Office